UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Tommy Duncan, | Case No.: 3:20-cv-0459-JAD-WGC |
| Plaintiff | |
| v. | **Order Denying Motions** |
| Peterson, et al., | |
| Defendants | |

Tommy Duncan moves for reconsideration[1] of my decisions[2] to dismiss his claims against defendants M. Sullivan and D. Richard with prejudice and to dismiss those against Dr. Benson without prejudice but without leave to amend. Because I do not find that reconsideration is warranted, I deny the motions, as well as Duncan's motion to stay the Inmate Early Mediation.[3]

**I.   Motion for Reconsideration as to Sullivan and Richard**

In his First Amended Complaint, Duncan alleged that Dr. Peterson extracted his teeth in September and October 2019 but did not provide any further care prior to her death in May 2021.[4] Duncan further alleged that, in April 2020, he submitted an informal and first level grievance complaining of inadequate provision of medical care by the prison dental department.[5]

---

[1] ECF Nos 14, 15-1.
[2] ECF No. 10.
[3] ECF No. 16.
[4] ECF No. 7 at 5, 6.
[5] *Id.* at 11.

Duncan alleged that Sullivan denied the informal grievance.[6]  Sullivan stated, "at this time due to the pandemic, Covid-19, the dental department has suspended all dental prosthetic devices.  If you are having difficulty chewing or pain then please submit a medical kite and you will be scheduled for evaluation."[7]  Duncan alleged that Richard denied the first-level grievance.[8]  Richard stated: "the NDOC is operating on the American Dental Association guideline that states ?In [sic] order for dentistry to do its part to mitigate the spread of COVID-19, the ADA recommends dentists nationwide postpone elective procedures?Concentrating [sic] on emergency dental care will allow us to care for our emergency patients and alleviate the burden that dental emergencies would place on hospital emergency departments.? [sic]  The NDOC Medical Director gave this directive to the Dental department and will be followed until further direction from the NDOC Medical Director.  Dentures are not classified as an emergency.  This is the community standard and does not constitute Deliberate Indifference."[9]

     Duncan argues that he alleged in his First Amended Complaint that Sullivan and Richard denied his grievances for reasons unrelated to his medical needs.  However, as shown above and as I found in the Screening Order, Duncan alleged facts showing that Sullivan and Richard denied the grievances for reasons that were related to and that considered his medical needs in the context of pandemic.  I appropriately dismissed the claims against Sullivan and Richard from this action because Duncan alleged, at most, a difference of medical opinion as to whether the dental procedure that he sought could be performed under the pandemic protocols.

---

[6] *Id.* at 12.
[7] *Id.* at 68 (Exhibit 10).
[8] *Id.* at 15.
[9] *Id.* at 73 (Exhibit 12).

## II. Motion for Reconsideration as to Dr. Benson

In his First Amended Complaint, Duncan alleged that in April 2021, Dr. Benson refused to treat Duncan "based upon an alleged continuity of care conflict."[10] Duncan further alleged Dr. Benson thereafter played a direct role in the ongoing lack of care he received.[11] I dismissed the claim because it exceeded the limited scope of leave that I granted Duncan to amend his original complaint. I deny reconsideration because Duncan's various arguments in seeking reconsideration (Duncan may have misheard the name Dr. Benson as Dr. Vincent, the claim against Dr. Benson is related to the claim asserted against Dr. Vincent) do not alter that conclusion.

Duncan further argues that I erred in dismissing the claims against Dr. Benson in his official capacity because Dr. Benson is the successor to his official capacity claim against Dr. Peterson. As I noted in the Screening Order, "under FRCP 25(d), and assuming that Duncan has brought an official-capacity claim against Dr. Peterson, her successor in that office will be automatically substituted."[12] Assuming Duncan has alleged an official-capacity claim against Dr. Peterson, the Screening Order properly recognized that Rule 25(d) adequately and automatically provides for the substitution of the successor to Dr. Peterson's office, whomever that successor may be.

Accordingly, IT IS ORDERED that the Clerk of the Court is directed to separately **FILE** Duncan's Motion for Reconsideration as to Dr. Benson, currently docketed as an attachment at ECF No. 15-1.

---

[10] *Id.* at 8.

[11] *Id.* at 10.

[12] ECF No. 10 at 11–12, n. 53.

IT IS FURTHER ORDERED that Duncan's Motions for Reconsiderations **are DENIED.**

IT IS FURTHER ORDERED that Duncan's Motion for Stay of ADR Pending Resolution of Interlocutory Orders Dispute **(ECF No. 16) is DENIED** as moot; the court will enter a separate order scheduling this case for inmate early mediation.

Dated: January 14, 2022

_____
U.S. District Judge